

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P O Box 12548
Austin. TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas. TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway. Suite 312
Lubbock. TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-561

Re: Costs and fees charge in misdemeanor cases

Dear Mr. Driscoll:

You have asked for an interpretation of article 53.01 of the Code of Criminal Procedure. This statute provides, in pertinent part:

> The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:
>
> 1. For executing each warrant of arrest or capias or making arrest without warrant, $3.00.
>
> ....

Your questions are as follows:

> 1. If a Texas Department of Public Safety patrolman issues a traffic ticket, should an arrest fee be taxed against the defendant upon conviction of a misdemeanor?
>
> 2. If question (1) is answered in the affirmative, should the Texas Department of Public Safety, sheriff, or precinct constable receive the arrest fee?

Traffic tickets are issued pursuant to the following provisions of article 6701d, the Uniform Act Regulating Traffic on Highways:

> Sec. 147. <u>Whenever any person is arrested for any violation of this Act punishable as a misdemeanor, the arrested person shall be immediately taken before a magistrate within the</u> county in which the offense charged is alleged to have been committed and who has jurisdiction of

such offense and is nearest or most accessible with reference to the place where said arrest is made, in any of the following cases:

1. When a person arrested demands an immediate appearance before a magistrate;

2. When the person is arrested upon a charge of negligent homicide;

3. When the person is arrested upon a charge of driving while under the influence of intoxicating liquor or narcotic drugs;

4. When the person is arrested upon a charge of failure to stop in the event of an accident, causing death, personal injuries, or damage to property;

5. In any other event when the person arrested refuses to give his written promise to appear in court as hereinafter provided.

Notice to appear in court; promise to appear

Sec. 148. (a) Whenever a person is arrested for any violation of this Act punishable as a misdemeanor, and such person is not immediately taken before a magistrate as hereinbefore required, the arresting officer shall prepare in duplicate written notice to appear in court containing the name and address of such person, the license number of his vehicle, if any, the offense charged, and the time and place when and where such person shall appear in court. Provided, however, that the offense of speeding shall be the only offense making mandatory the issuance of a written notice to appear in court, and only then if the arrested person gives his written promise to appear in court, by signing in duplicate the written notice prepared by the arresting officer; and provided further, that it shall not be mandatory for an officer to give a written notice to appear in court to any person arrested for the offense of speeding when such person is operating a vehicle licensed in a state or country other than the State of Texas or who is a resident of a state or country other than the State of Texas, except as provided by the

> Nonresident Violator Compact of 1977.   (Emphasis
> added).

The specific language of sections 147 and 148(a) suggests that a person who is detained and issued a traffic ticket has been arrested. Any peace officer is authorized to arrest without warrant any person found violating any provision of article 6701d, V.T.C.S.   Sec. 153. See also Code Crim. Proc. art. 14.01 (a peace officer may arrest without warrant an offender committing offense in his view).

The Code of Criminal Procedure provides the following with respect to the occurrence of an arrest:

> A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant.

Art. 15.22. This definition of "arrested" should be used to construe article 53.01. See art. 5429b-2, §2.01; Brown v. Darden, 50 S.W.2d 261 (Tex. 1932). An arrest is complete when a person's liberty of movement is restrained. Hardinge v. State, 500 S.W.2d 870 (Tex. Crim. App. 1973).

Although a detention for purposes of issuing a traffic ticket does not constitute a custodial arrest so that a warrantless search is authorized, Christian v. State, 592 S.W.2d 625, 629 (Tex. Crim. App. 1980), the individual has been placed under restraint so that he is "arrested" within article 53.01 of the Code of Criminal Procedure. We note that the arresting officer must see him violate the law. Code Crim. Proc. art. 14.01. Accord, Attorney General Opinion C-688 (1966). We do not determine whether this "arrest" constitutes an arrest for any other purpose. Thus, if a Department of Public Safety officer issues a traffic ticket, the arrest fee should be taxed against the defendant upon conviction of a misdemeanor.

You also wish to know whether the Texas Department of Public Safety, the sheriff, or the precinct constable should receive the arrest fee collected from a convicted defendant when the ticket was issued by a Department of Public Safety Officer. Article 53.01 of the Code of Criminal Procedure allocates the fee to the arresting officer. See Attorney General Opinions M-184 (1968); O-7298 (1946). A sheriff or constable who did not issue the ticket is not entitled to the arrest fee. It should be forwarded to the Department of Public Safety for appropriate disposition.

## S U M M A R Y

Article 53.01(1) of the Code of Criminal Procedure is applicable to misdemeanor cases when an arrest is made without a warrant and a traffic ticket is issued, and a fee of three dollars should be taxed against the defendant on conviction. When a Department of Public Safety patrolman issues a traffic ticket that results in a conviction the fee would not go to the local sheriff or constable. We do not determine whether a detention for purposes of issuing a traffic citation is an "arrest" for any other purpose.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Charles Palmer